No. 18-20825

———————————————————

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————————————————

*In re: JPMORGAN CHASE & CO.*

———————————

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

———————————

On Petition for Writ of Mandamus to the United States District Court
For the Southern District of Texas, Cause No. 4:17-cv-3786
*Honorable Keith P. Ellison, District Judge*

———————————

**ANDERSON ALEXANDER, PLLC**

**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys of Record for Respondents-Plaintiffs*

No. 18-20825

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

*In re: JPMORGAN CHASE & CO.*

_____

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

_____

On Petition for Writ of Mandamus to the United States District Court
For the Southern District of Texas, Cause No. 4:17-cv-3786
*Honorable Keith P. Ellison, District Judge*

_____

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.     Shannon Rivenbark and Kayla Casuccio, Plaintiffs-Respondents.

2.     Deborah Moore, Raul Orta, Lakecia Morris, LaTesha Copeland, Norman Eaton, Cassandra Gamez, Camille Dyes, Jordan Paice, Elizabeth McBride, Je'Jaun Gray, Tania Garza, Dabione Roquemore, Erin Dulin, Chassidy Clark, Raediance Hopkins, Roshaunda Williams, Natisha Price, Alden Smith, Patricia Clayborn, Mary Byars, Jasmin Moore, Carla Rigsby, Brandy Smith, Krystal Smith, Katrina Taylor, Bethanie Deitch, Samara Williams, Shalina Sams, David Boyd,

Temaya Johnson, Sharonza Walker, Othiess Wilson, Cteria Wolfe, Ogina Savannah, Brandi Pearson, Tyesha Stafford, Denise Gunnoe, Darrick Thomas, Stacey Rocha, Tanika Myricks, Shannon Cooper, Nikeya Breaux, Erica Simmons, LaTajah White, Courtney Kennedy, Christopher Seitz, Catia Collins, Joseph Handy Jr., Candace Smith, Courtney McCreery, Tiffany Hill, Niomie Galindez, Sheena Austin, Seketra Black, Ahllurra Sikes, Christeen Oellrich, Keisha Norwood Bradford, Stephen Zerante, Lizz Montalvo, Lashell Berry, Brandon Norman, Eddy Hernandez, Michelle Bhatia, Keiona Wright-Gary. Zaneta Lewis, Ineasha Day, Monica Henley, Sabrina Johnson, Natasha Hawkins, Deleshia Mitchell, Gregory Morton, Brittany Brown, Clarence Breaux, Richard Gamel III, Isabel Nava, Ava Washington, Latanya Washington, Franshaun Jones, Rachel Cardoza-Contreras, Ceyanda Harris, Opt-In Plaintiffs in Cause No. 4:17-cv-3786.

3.      All current and former non-exempt call-center employees of JPMorgan Chase & Co. who worked for Petitioner within the relevant time period, Putative Class Members.

4.      JPMorgan Chase & Co., Defendant-Petitioner.

5.      Clif Alexander, Austin Anderson, Lauren Braddy, and Alan Clifton Gordon, (ANDERSON ALEXANDER, PLLC), counsel for Plaintiffs-Respondents.

6.      William Peterson, Stephanie Moll, T. Cullen Wallace, and Samuel S. Shaulson (MORGAN, LEWIS & BOCKIUS, LLP), counsel for Defendant-Petitioner.

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

*/s/ Clif Alexander*

**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys of Record for Respondents-Plaintiffs*

## STATEMENT REGARDING ORAL ARGUMENT

Respondents respectfully submit that, for the reasons that follow, the petition is lacking in merit and, accordingly, that oral argument is unlikely to be helpful to the Court in resolving the question presented.

# **TABLE OF CONTENTS**

Statement Regarding Oral Argument .................................................................. v

Table of Authorities ........................................................................................ vii

Issue Presented ................................................................................................ 1

Summary of the Argument ............................................................................... 1

Statement of the Case ...................................................................................... 1

Argument & Authorities .................................................................................. 4

    A.  Mandamus is an Extraordinary Remedy .................................................. 4

    B.  Enforcing Arbitration Agreements First Requires Affirmative Action on Behalf of the Party Seeking to Compel Arbitration ........................... 6

        1.  Fifth Circuit Jurisprudence Requires a Motion to Compel Arbitration .................................................................................... 8

        2.  Every Case Relied on by Chase is Procedurally Distinct—the Defendant(s) Therein Moved to Compel Arbitration ................... 11

        3.  The District Court Lacked Jurisdiction to Determine Whether the Putative Class Members Could Be Compelled to Arbitrate Their Claims ......................................................................................... 13

    C.  *Hoffmann-La Roche* Encourages the Issuance of Notice to All Putative Class Members ...................................................................................... 14

    D.  Chase Cannot Meet Its Burden to Establish that the 'Extraordinary' Writ of Mandamus Should Issue ......................................................... 18

        1.  Chase Cannot Demonstrate that it Has 'No Other Adequate Means' to Attain the Relief it Desires .......................................... 18

        2.  Chase Has Not Shown that Its Right to Issuance of the Writ is 'Clear and Indisputable' .......................................................... 20

Conclusion ..................................................................................................... 21

CERTIFICATE OF SERVICE ...................................................................... 24

# TABLE OF AUTHORITIES

## Cases

*Ali v. Sugarland Petroleum*, No. 4:09–CV–0170, 2009 WL 5173508 (S.D. Tex. Dec. 22, 2009) ................................................................................. 10, 11

*Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980) ........................... 4

*Amiron Dev. Corp. v. Sytner*, No. 12 Civ. 3036, 2013 WL 1332725 (E.D.N.Y. Mar. 29, 2013) ................................................................................. 7

*AT&T Mobility LLC v. Conception*, 563 U.S. 333 (2011) .................... 12

*Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., L.L.C.*, 782 F.3d 186 (5th Cir. 2015) ......................................................................................... 12

*Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740 (7th Cir. 2007) ............................................... 6

*Baldridge v. SBC Commnc's, Inc.*, 404 F.3d 930 (5th Cir. 2005) .................... 19, 20

*Barnett v. Countrywide Credit Indus., Inc.*, No. 3:01-cv-1182, 2002 WL 1023161 (N.D. Tex. May 21, 2002) ................................................ 17, 21

*Brayman. v. Keypoint Gov't Solutions*, No. 18-cv-0550, 2018 WL 5776373 (D. Colo. Nov. 1, 2018) ............................................................. 17, 21

*Camara v. Mastro's Restaurants LLC*, No. 18-724, 2018 WL 5281906 (D.D.C. Oct. 24, 2018) .......................................................................... 17, 21

*Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294 (5th Cir. 2004) ............................... 12

*Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367 (2004) ......................... 4

*Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544 (6th Cir. 2006) ....................... 19, 20

*CPL, Inc. v. Fragchem Corp.*, 512 F.3d 389 (7th Cir. 2008) ...................... 6

*Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811 (W.D. Mo. 2005) .......................... 9, 10

*Edwards v. Doordash, Inc.*, 888 F.3d 738 (5th Cir. 2018) ....................... 12

*Epic Sys. Corp. v. Lewis*, 138 S.Ct. 1612 (2018) ...................... 12

*First Nat'l Bank of Waukesha v. Warren*, 796 F.2d 999 (7th Cir. 1986) ............................... 5

*Fischer v. Kmart Corp.*, No. 13-cv-4116, 2014 WL 3817368, at *1 (D.N.J. Aug. 4, 2014) ...................................................................................................................... 13

*Gaffers v. Kelly Servs., Inc.*, 900 F.3d 293 (6th Cir. 2018) ......................................... 12

*Garcia v. TWC Admin., LLC*, No. SA:14-cv-985, 2015 WL 1737932 (W.D. Tex. Apr. 16, 2015) ........................................................................................... 17, 21

*Green v. Plantation of La., LLC*, No. 2:10–0364, 2010 WL 5256348 (W.D. La. Dec. 15, 2010) ................................................................................................ 10

*Hernandez v. Immortal Rise, Inc.*, No. 11–CV–4360, 2012 WL 6720734 (E.D.N.Y. Dec. 27, 2012) ................................................................................................ 10

*Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989) ........................... 14, 15, 16

*Hudgins v. Total Quality Logistics, LLC*, No. 16-cv-7331, 2017 WL 514191 (N.D. Ill. Feb. 8, 2017) ............................................................................................. 13

*In re Am. Lebanese Syrian Associated Charities, Inc.*, 815 F.3d 204 (5th Cir. 2016) .............. 5

*In re Arbitration Between Standard Tallow Corp. & Kil-Mgmt. A/S*, 901 F. Supp. 147 (S.D.N.Y. 1995) ..................................................................................................... 7

*In re Avantal, S.A.*, 343 F.3d 311 (5th Cir. 2003) ................................................. 18

*In re Checking Account Overdraft Litig.*, 780 F.3d 1031 (11th Cir. 2015) ..................... 13, 14

*In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 352 (5th Cir. 2017) ................................. 18, 21

*In re EEOC*, 709 F.2d 392 (5th Cir. 1983) ........................................................ 4, 5, 20

*In re Lloyd's Register N.A., Inc.*, 780 F.3d 283 (5th Cir. 2015) ............................... 18

*In re Nashiri*, 791 F.3d 71 (D.C. Cir. 2015) ........................................................ 5

*Kay v. Bd. of Educ. of City of Chi.*, 547 F.3d 736 (7th Cir. 2008) ............................ 6

*Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199 (5th Cir. 2016) .......................... 12

*Lation v. Fetner Properties, Inc.*, No. 17-CV-3276 (JPO), 2017 WL 6550691 (S.D.N.Y. Dec. 22, 2017) ........................................................................... 7

*Longnecker v. Am. Exp. Co.*, No. 2:14-cv-0069, 2014 WL 4071662 (D. Ariz. Aug. 18, 2014) ........................................................................................ 12

*Marzano v. Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d 781 (N.D. Ill. 2013) .............. 6

*Milbourne v. JRK Resid. Am., LLC*, No. 3:12-cv-861, 2016 WL 1071564 (E.D. Va. Mar. 15, 2016) ...................................................................................... 8

*Moore v. C&G Energy Servs*, No. H-15-1136, 2015 WL 12940139 (S.D. Tex. Dec. 8, 2015)........................................................................................ 16, 17, 21

*n re HRC ManorCare, Inc.* No. 11-3866, 2011 WL 7461073 (6th Cir. 2011) .................. 19

*Nucap Indus., Inc. v. Robert Bosch LLC*, 273 F. Supp. 3d 986 (N.D. Ill. 2017)...............6, 8

*Rahman v. Fiesta Mart, LLC*, No. CV H-15-2295, 2016 WL 2346944 (S.D. Tex. May 4, 2016) ........................................................................................ 19

*Reyna v. Int'l Bank of Commerce*, 839 F.3d 373 (5th Cir. 2016) .................... 8, 9, 10, 11, 12

*Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639 (S.D.N.Y. 2013) ...................... 10

*Schlagenhauf v. Holder*, 379 U.S. 104 (1964) ................................................................ 5

*Smith, et al. v. M-I, LLC*, No: 5-17-cv-00788, 2018 WL 3866624 (W.D. Tex. Aug. 14, 2018) ........................................................................................ 17

*Stolt -Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010) ...................................... 12

*United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980)........................................................ 5

*Venture Cotton Coop. v. Freeman*, 435 S.W.3d 222 (Tex. 2014)............................................7, 8

*Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807 (S.D. Tex. 2003)............... 10, 17, 21

*Waters v. Churchill*, 511 U.S. 661 (1994) .............................................................................. 15

*Weckesser v. Knight Enterprises, LLC*, 2018 WL 4087931 (D.S.C. Aug. 27, 2018)..... 17, 21

## Statutes

9 U.S.C. § 2................................................................................................................ 6, 7, 8

9 U.S.C. § 4................................................................................................................ 6, 7, 8

28 U.S.C. §§ 201, *et seq.*...........................................................................................................1

28 U.S.C. § 216(b). ......................................................................................................... 20, 21

## ISSUE PRESENTED

Whether Respondent JPMorgan Chase & Co.'s ("Chase") failure to timely move to compel arbitration procedurally forecloses it ability to argue that the alleged existence of arbitration agreements between Chase and Putative Class Members precludes the Putative Class Members from receiving notice of this collective action lawsuit pursuant to 29 U.S.C. § 201–19, ("FLSA").

## SUMMARY OF THE ARGUMENT

Chase's arguments before this Court are based on a faulty predicate—that the District Court had the authority to rule on the issue of arbitration without first having it raised by Chase. Chase made a procedural misstep when it failed move to compel arbitration, and by this Petition for Writ of Mandamus, is asking this Court to rectify its error. Further, the entirety of Chase's argument that the District Court lacked jurisdiction to issue notice to Putative Class Members is unsupported by relevant case law. As such, the issue before this Court involves neither a "judicial usurpation of power or a clear abuse of discretion" or "new and important problems" that might have otherwise evaded expeditious review and the extraordinary relief requested is unfounded. *See* Chase's Petition for Writ of Mandamus ("Mandamus") at p. 19–20.

## STATEMENT OF THE CASE

Although this collective/class action has been on file for more than a year, Chase never filed a Motion to Compel Arbitration. *See* ECF No. 1 (noting a December 17, 2017 filing date for Plaintiff's Original Complaint); *see also* ECF No. 10

(noting a February 2, 2018 consent filing date for LaTesha Copeland and Raul Orta, individuals both allegedly subject to arbitration) and ECF No. 13 (noting a February 16, 2018 filing date for Plaintiffs' First Amended Complaint that added a named plaintiff, Kaylah Casuccio, who Chase claims is subject to an arbitration agreement). There are currently eighty-two individuals who have filed their written consent forms to join this case as party-plaintiffs. Despite claiming that all but ten plaintiffs are subject to binding arbitration, Chase has taken no action to invoke the Federal Arbitration Act ("FAA") before the District Court.

Instead, Chase sought, and received, an opportunity to conduct conditional certification discovery. *See* Minute Entry, March 16, 2018 (ordering that "[Chase] has 45 days to take the depositions of the claimants"); *see also* ECF No. 32, 16:21 (indicating request for conditional certification discovery by Chase). Chase took the depositions of six plaintiffs, including the deposition of Named Plaintiff Rivenbark, and sought to depose additional members of the class. *See* Minute Entry, May 18, 2018 (denying Chase's request to depose additional witnesses). Chase also extended significant resources in responding to Plaintiffs' Motion for Conditional Certification. *See* ECF Nos. 53–54 (relying on "happy camper" declarations from close to forty current putative class members). Although Plaintiffs' Motion for Conditional Certification clearly raised the issue and explicitly argued that notice should issue to all Putative Class Members, including those individuals who Chase contends are subject

2

to arbitration, Chase failed to file its motion to compel arbitration. *See* ECF No. 48, p. 20 ("Notice should issue to all putative class members, including those subject to an arbitration agreement."); *see also* ECF No. 81, 3:3–9 (transcript from the December 20, 2018 hearing on Chase's Motion for Interlocutory Appeal wherein counsel for Chase stated as follows regarding the issue of arbitration "but [arbitration] was not something we thought we needed to compel. And I think in spite of that, that the FAA should give us a presumption favoring arbitration and we should presume that those arbitration contracts are valid and enforceable instead of the reverse.")

District Court Judge Ellison heard the parties' arguments on the Motion for Conditional Certification on November 20, 2018, almost a full year after the lawsuit was filed, and six months after the Motion for Conditional Certification was filed— seeking explicitly to issue company-wide notice to all Putative Class Members— including those who had allegedly signed arbitration agreements. *See id.* After taking the matter under advisement, Judge Ellison granted the Motion for Conditional Certification on December 10, 2018. *See* ECF No. 71.

Despite having ample opportunity to file its Motion to Compel Arbitration before Judge Ellison issued his order conditionally certifying the class, Chase failed to so. Accordingly, Judge Ellison recognized that Chase had not filed a motion to compel arbitration, and therefore did not properly place the arbitration agreements at issue. *See id.* at p. 11.

# ARGUMENT & AUTHORITIES

## A.    MANDAMUS IS AN EXTRAORDINARY REMEDY

A writ of mandamus is "a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (internal citations omitted)).    This is because "[i]ts use has the unfortunate consequence of making a district court judge a litigant, and indisputably contributes to piecemeal appellate litigation." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). Accordingly, federal appellate courts traditionally grant mandamus only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id.*   (internal citations omitted). Only a showing of "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy." *Cheney*, 542 U.S. at 389, 390.  The party seeking the writ has the burden of showing that its right to issuance of the writ is "clear and indisputable." *See In re EEOC*, 709 F.2d 392, 395 (5th Cir. 1983) (quoting *Will v. U.S.*, 389 U.S. 90, 96 (1967)).

For this extraordinary remedy to be warranted, three criteria must be satisfied: (1) Chase must demonstrate that it has no other adequate means to attain the relief it desires; (2) Chase must demonstrate a "clear and indisputable" right to the writ; and

(3) this Court must be satisfied the writ is appropriate under the circumstances. *See In re Am. Lebanese Syrian Associated Charities, Inc.*, 815 F.3d 204, 206 (5th Cir. 2016).

Although Chase further alleges that this case is appropriate for the issuance of an advisory mandamus, the continued use of the type of "advisory" mandamus championed by Chase has been called into question. Chase cites to the D.C. Circuit for the proposition that an advisory mandamus may issue to "clarify a question that is likely to confront a number of lower court judges in a number of suits before appellate review is possible." *See* Mandamus, p. 23. However, the D.C. Circuit recently evaluated the continued utility of the "advisory" mandamus in *In re Nashiri*, 791 F.3d 71 (D.C. Cir. 2015) and stated as follows:

> Whatever the continued legitimacy of advisory mandamus, *see First Nat'l Bank of Waukesha v. Warren*, 796 F.2d 999, 1004 (7th Cir. 1986) ("Although the [Supreme] Court has not yet erected the tombstone, it has ordered flowers."), our past willingness to use the writ in that capacity "cannot be read expansively." *United States v. Hubbard*, 650 F.2d 293, 309–10 n. 62 (D.C. Cir. 1980); *see also Banks*, 471 F.3d at 1350 ("So reluctant are we to consider [advisory] mandamus relief that even where we have been presented really extraordinary cases, we are careful to caution against indiscriminate mandamus review.")

*See Nashiri*, 791 F.3d at 81. Even under the guise of an "advisory" mandamus, Chase must establish that a "usurpation of judicial power" or a "clear abuse of discretion" occurred and that it will suffer irreparable harm as an effect. *See In re EEOC*, 709 F.2d at 395 (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964)); *In re Nashiri*, 791 F.3d at 81.

**B.    Enforcing Arbitration Agreements First Requires Affirmative Action on Behalf of the Party Seeking to Compel Arbitration**

Chase's argument hinges on the premise that the mere *existence* of arbitration agreements prohibits the issuance of notice to those current and former employees who began working for Chase after mid-2009 and allegedly signed arbitration agreements. However, the existence of arbitration agreements alone is insufficient to trigger the authority of the Federal Arbitration Act.[1] *See Nucap Indus., Inc. v. Robert Bosch LLC*, 273 F. Supp. 3d 986, 1004 (N.D. Ill. 2017). "The Federal Arbitration Act requires a motion to compel arbitration." *Id.* (citing 9 U.S.C. § 2). "District courts should not *sua sponte* enforce arbitration clauses." *Id.* (quoting *Marzano v. Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d 781 (N.D. Ill. 2013) (citing *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007) (and collecting additional cases) (declining to order arbitration on court's own initiative)); *accord Kay v. Bd. of Educ. of City of Chi.*, 547 F.3d 736, 738 (7th Cir. 2008) (reversing the district court based on two cases holding "that federal judges must not invoke arbitration agreements on their own motion") (citing *CPL, Inc. v. Fragchem Corp.*, 512 F.3d 389 (7th Cir. 2008)).

---

[1] Pursuant to § 4 of the Federal Arbitration Act ("FAA") "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may ***petition*** any United States district court which, save for such agreement, would have jurisdiction under title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. 9 U.S.C.A. § 4 (emphasis added).

Under Texas law, the party seeking to compel arbitration has the initial burden to establish the existence of a valid agreement to arbitrate between the parties and that the dispute at issue falls within the scope of that agreement. *Venture Cotton Coop. v. Freeman*, 435 S.W.3d 222, 227 (Tex. 2014). "***[N]otwithstanding*** the strong federal policy favoring arbitration, the Court has no authority to *sua sponte* enforce an arbitration provision. Therefore, the Court will not . . . address[ ] the applicability of the arbitration provision here absent a ***formal motion to compel***." *Lation v. Fetner Properties, Inc.*, No. 17-CV-3276 (JPO), 2017 WL 6550691, at *2 (S.D.N.Y. Dec. 22, 2017) (quoting *Amiron Dev. Corp. v. Sytn*er, No. 12 Civ. 3036, 2013 WL 1332725, at *3 (E.D.N.Y. Mar. 29, 2013) (emphasis added)); *see also In re Arbitration Between Standard Tallow Corp. & Kil-Mgmt. A/S*, 901 F. Supp. 147, 151 (S.D.N.Y. 1995) ("The court . . . does not have before it a proper petition to compel arbitration . . . and the court refuses to provide such relief *sua sponte*."). Despite its failure to properly move the District Court to compel arbitration, Chase petitions this Court for a Writ of Mandamus asking it to enforce its arbitration agreements by "treat[ing] them as valid and enforceable" and preventing the issuance of notice to anyone who may be a signatory. *See* Mandamus, p. 9.

Chase's arguments put the cart before the horse by relying on the FAA and the longstanding jurisprudence supporting it, without first filing a motion or other petition invoking its authority. *See* 9 U.S.C. §§ 2, 4; *see also Nucap Indus., Inc.*, 273 F.

Supp. 3d at 1004. Contrary to Chase's assertions, it was not Plaintiffs' prerogative (or duty) to challenge the enforceability or validity of the arbitration agreements *before* they are placed at issue via a timely motion to compel arbitration. *See* 9 U.S.C. §§ 2, 4; *see also Venture Cotton Coop.*, 435 S.W.3d at 227; *Nucap Indus., Inc.*, 273 F. Supp. 3d at 1004.

Chase inexplicably argues that there is no way to determine the enforceability of the arbitration agreements "where Named Plaintiffs do not challenge [the] Agreements' enforceability." *See* Mandamus, p. 17. Unfortunately for Chase, there is a way that it could bring the enforceability of the arbitration agreements to a head—by filing a motion to compel arbitration. It is not the Plaintiffs' responsibility to *disprove* the applicability of the arbitration agreements, instead the burden is (and was) on Chase. *See Venture Cotton Coop.*, 435 S.W.3d at 227; *see also* 9 U.S.C. § 4. Indeed, it is an "axiomatic tenant of the adversarial system that a party has the right to oppose motions properly served upon it." *Milbourne v. JRK Resid. Am., LLC*, No. 3:12-cv-861, 2016 WL 1071564, at *7 (E.D. Va. Mar. 15, 2016) (holding that the defendant waived the ability to compel arbitration as a result of its delay in moving to compel arbitration).

## 1. Fifth Circuit Jurisprudence Requires a Motion to Compel Arbitration

In *Reyna v. International Bank of Commerce*, this Court addressed a factually similar issue and clarified the applicable the timing required when compelling arbitration in cases involving collective actions under the FLSA. 839 F.3d 373 (5th Cir. 2016). *Reyna*

clearly holds that a motion to compel arbitration is necessary for the district court to address the arbitration issue. *See id.* at 376–78. As such, this Court has already decided the issue raised by Chase's Petition for Writ of Mandamus—in Plaintiffs-Respondents' favor. Not only is this not a novel issue, as claimed by Chase, it is an issue previously decided by this Court.

Though the sole named plaintiff in *Reyna* was subject to a binding arbitration agreement, he argued that the issue of arbitration should be considered after conditional certification was granted and notice issued to the putative class members. *See id.* at 376. This Court disagreed and held that "***[u]pon a motion to compel arbitration***, a court should address the arbitrability of the plaintiff's claims at the outset of the litigation." *Id.* at 378  (recognizing that an agreement to arbitrate is a "threshold question") (emphasis added). In *Reyna*, the motion to compel arbitration was the necessary procedural step to trigger the district court's determination of the arbitration issue. *See id.* at 376–77  (recognizing that cases with different procedural postures required different results).

This Court specifically distinguished cases in which the defendant failed to file a motion to compel arbitration. *See id.* at 376 (citing *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 818 (W.D. Mo. 2005).  In *Davis*, the defendants argued—as does Chase herein——that conditional certification would be improper because most, if not all, of the putative class members signed arbitration agreements. *See id.* at 817.  While

the defendants admitted that they had not filed their motion to compel arbitration before the issue of conditional certification became ripe, they stated they could do so in the future, arguing that the timing of the motion to compel did not matter. *See id.* Citing *Villatoro v. Kim Son Restaurant*, the *Davis* court ruled that "if defendants choose to move to compel arbitration of certain claims, the Court will consider whether the claims are arbitrable at that time." *See id.* at 818  (citing 286 F. Supp. 2d 807, 811 (S.D. Tex. 2003).

In deciding *Reyna*, this Court also distinguished cases in which the "district court[s] declined to determine the validity of arbitration agreements with *potential opt-in* plaintiffs, not arbitration agreements with the sole named plaintiff." *See id.* at 376 and n. 5  (citing *Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639, 645–48 (S.D.N.Y. 2013); *Hernandez v. Immortal Rise, Inc.*, No. 11–CV–4360, 2012 WL 6720734, at *2 (E.D.N.Y. Dec. 27, 2012)  (stating that the enforceability of arbitration agreements for putative class members should not be determined during conditional class certification); *Green v. Plantation of La., LLC*, No. 2:10–0364, 2010 WL 5256348, at *1 & n. 4 (W.D. La. Dec. 15, 2010)  (refusing to consider at the notice stage the question of whether some potential opt-in plaintiffs properly waived their right to sue); *Ali v. Sugarland Petroleum*, No. 4:09–CV–0170, 2009 WL 5173508, at *4 (S.D. Tex. Dec. 22, 2009) (same); *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 811 (S.D. Tex. 2003) (same).

In *Romero*, the court noted that "Defendants have failed to cite a single authority finding that due to the possibility that members of the collective [action] might be compelled to bring their claims in an arbitral forum, certification is not appropriate." *See* 968 F. Supp. 2d at 647 (rejecting "Defendants' strongest argument . . . that '[i]t would be a waste of judicial and party resource to force defendants' to send notice to individuals ultimately bound to arbitrate claims" finding that "defendants' proposal essentially amounts to an invitation for the Court to adjudicate the validity of the arbitration agreements") (citing *Ali*, 2009 WL 5173508, at *4 ("The Court will make the determination [of whether to exclude those who signed arbitration agreement from the class] at the conclusion of discovery, when it may properly analyze the validity of the arbitration agreement.").

This Court considered the very factual and procedural circumstances present in this case when it decided *Reyna* and clearly distinguished them. *See Reyna*, 839 F.3d at 377 ("None of the cases cited by [plaintiff] presented the same posture as this case: a defendant who **promptly moved to compel** the sole plaintiff to arbitrate his claim pursuant to an arbitration agreement that undisputedly exists.") (emphasis added).

2.    **Every Case Relied on by Chase Is Procedurally Distinct—the Defendant(s) Therein Moved to Compel Arbitration.**

Chase cited numerous cases to support its position that, pursuant to the FAA, the existence of an arbitration agreement allegedly applicable to the putative class members was sufficient to foreclose notice to those individuals. However, in **every**

case cited by Chase, the procedural prerequisite to the FAA—the filing of a motion to compel arbitration or other such affirmative pleading—was met.[2] *See Epic Sys. Corp. v. Lewis*, 138 S.Ct. 1612, 1620 (2018) (noting that the Ernst & Young defendants moved to compel arbitration, and that the three consolidated cases were substantively the same); *Edwards v. Doordash, Inc.*, 888 F.3d 738, 743 (5th Cir. 2018) (involving a motion to compel arbitration); *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 296 (5th Cir. 2004) ("Following the filing of this suit, [defendant] moved to compel the plaintiffs to submit their claims to arbitration . . . ."); *Gaffers v. Kelly Servs., Inc.*, 900 F.3d 293, 295 (6th Cir. 2018) (recognizing that the defendant moved to compel individual arbitrations under the FAA); *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016) (noting that the defendant filed a motion to dismiss alternatively styled as a motion to compel arbitration); *Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., L.L.C.*, 782 F.3d 186, 196 (5th Cir. 2015) (recognizing that the defendant had filed a motion to compel arbitration); *Reyna*, 839 F.3d at 377 (recognizing that arbitration was a threshold issue that must be determined first, upon a timely filed motion to compel arbitration); *AT&T Mobility LLC v. Conception*, 563 U.S. 333, 337 (2011) (involving a motion to compel arbitration); *Longnecker v. Am. Exp. Co.*, No. 2:14-cv-0069, 2014 WL 4071662, at *6 (D. Ariz. Aug. 18, 2014)

---

[2] *Stolt -Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010) did not involve a motion to compel arbitration, there the parties had agreed to arbitrate, and *did* submit their claims to arbitration, the issue instead dealt with the propriety of arbitrating on a class-wide basis.

(involving a motion to compel arbitration); *Hudgins v. Total Quality Logistics, LLC*, No. 16-cv-7331, 2017 WL 514191, at *1 (N.D. Ill. Feb. 8, 2017) (noting that the defendant moved to compel arbitration after the plaintiff filed for conditional certification); *Fischer v. Kmart Corp.*, No. 13-cv-4116, 2014 WL 3817368, at *1 (D.N.J. Aug. 4, 2014) (granting the motion to compel arbitration).

### 3. The District Court Lacked Jurisdiction to Determine Whether the Putative Class Members Could Be Compelled to Arbitrate Their Claims

Chase cites *In re Checking Account Overdraft Litig.*, 780 F.3d 1031 (11th Cir. 2015) for the proposition that "[a] court may not simply disregard arbitration agreements in conditionally certifying a collective action. *See* Mandamus, p. 18. Though the Eleventh Circuit's opinion in *In re Checking Account Overdraft Litigation* does not support the proposition for which Chase cited it, it does provide further insight into the issues before this Court. Namely, it holds that district courts lack jurisdiction to determine whether the putative class members could be compelled to arbitrate their claims. *See id.* at 1038. There, the named plaintiffs attempted to assert non-mutual collateral estoppel, asserting that the defendant waived its right to compel the unnamed putative class members to arbitrate their claims as a result of a waiver of the defendant's arbitration rights as to the named plaintiffs. *See id.* ("This argument founders before leaving port in that the named plaintiffs lack standing to advance it on behalf of the unnamed putative class members.")

> Because the District Court lacked jurisdiction to rule on the arbitration obligations of the unnamed putative class members and because the named plaintiffs lack standing to raise any arguments on the unnamed putative class members' behalf, we VACATE the District Court's order and REMAND for further proceedings not inconsistent with this opinion.

*Id.* at 1039.

Not only did Judge Ellison not err in refusing to rule on the arbitration obligations on the unnamed putative class members before they were properly before him—had he attempted to do so would have been reversible error. *See id.*

## C.    *Hoffmann-La Roche* Encourages the Issuance of Notice to All Putative Class Members

In *Hoffmann-La Roche, Inc. v. Sperling*, the Supreme Court granted certiorari on "the narrow question whether, in an ADEA action, district courts may play any role in prescribing the terms and conditions of the communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought." 493 U.S. 165, 169 (1989). The Supreme Court determined that it could. *See id.* at 169–70. It determined that "[t]he facts and circumstances of this case illustrate the propriety, if not the necessity, for court intervention In the notice process. . . . We confirm the discretion of the trial court's discretion, **not the details of its exercise**." *Id.* at 170. The Supreme Court continued to hold that:

> The District Court was correct to permit discovery of the names and addresses of the discharged employees. Without pausing to explore alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter, we find it suffices to say

> that the discovery was relevant to the subject matter of the action and that there were no grounds to limit the discovery under the facts and circumstances of this case.

*Id.* "The broad remedial goal of the [FLSA] should be enforced to the full extent of its terms." *Id.*

The Supreme Court recognized that trial courts do not have "unbridled discretion" in managing ADEA actions—and cautioned that "courts must be scrupulous to respect judicial neutrality . . . [and] take care to avoid even the appearance of judicial endorsement **on the merits of the action**." *Id.* at 174. Clearly, the holding in *Hoffmann-La Roche* considered the content of the notice itself when addressing limits to the district court's discretion—not the far greater limitation espoused by Chase. *See id.*

That is the full extent of the Supreme Court's opinion in *Hoffmann-La Roche. See generally id.* at 165–74 (opinion of the Court) . Nothing in that seminal opinion stands for the proposition Chase has cited before this Court—that Putative Class Members do not have a right to receive notice of their claims. *See id.*; *see also Waters v. Churchill*, 511 U.S. 661, 678 (1994) (explaining that past decisions "cannot be read as foreclosing an argument that they never dealt with"). Chase relies almost exclusively on the dissent, authored by Justice Scalia. *See id.* at 174–81  (Scalia, J., dissenting) While the dissent is eloquent—a characteristic applicable to all of Justice Scalia's writings—it is

not the law. Nor does it inform the *decades* of jurisprudence spawned by *Hoffmann-La Roche.*

Importantly, the Supreme Court gives district courts the mandate to enforce the "broad remedial goals" of the FLSA to the full extent of the law. *Id.* at 173. And further notes that FLSA plaintiffs are limited to "employees who asserted claims in their own right." *See id.* (citing (citing Portal-to-Portal Act of 1947, ch. 52, §§ 5(a)(6)–(7), 61 Stat. 87–88) (*"The Portal-to-Portal Cat of 1947 limited private FLSA plaintiffs to "employees who asserted claims in their own right.")*). Chase would seemingly have this Court rule that the use of the word "plaintiffs" excludes individuals who may be subject to arbitration, ignoring that the statute expressly includes employees asserting claims. *See* Mandamus, p. 10 ("Notice can be provided only to "potential plaintiffs."). Chase is wrong.

Chase also ignores numerous district courts that have cited *Hoffmann-La Roche* and determined that putative class members who *may* be subject to arbitration agreements still have the right to receive notice. Citing *Moore v. C&G Energy Services*, which expressly holds that employees "have a right to receive notice of their FLSA rights," Chase boldly states that no "**reasoned** decision supports the argument." *See* Mandamus, p. 13 (citing No. H-15-1136, 2015 WL 12940139, at *5 (S.D. Tex. Dec. 8, 2015)). Plaintiffs disagree as many reasoned decisions, including the *Moore* opinion authored by Judge Gilmore out of the Southern District of Texas, support the

argument. *See Moore*, No. H-15-1136, 2015 WL 12940139, at *5 (citing *Villatoro*, 286 F. Supp. 2d at 811 (Rosenthal, J.); *Barnett v. Countrywide Credit Indus., Inc.*, No. 3:01-cv-1182, 2002 WL 1023161, at *2 (N.D. Tex. May 21, 2002) (Hughes, J.); *Garcia v. TWC Admin., LLC*, No. SA:14-cv-985, 2015 WL 1737932, at *8 (W.D. Tex. Apr. 16, 2015) (Ezra, J.)); *see also Brayman. v. Keypoint Gov't Solutions*, No. 18-cv-0550, 2018 WL 5776373 (D. Colo. Nov. 1, 2018) (Martinez, J.) (recognizing that "the purpose of conditional certification is to notify putative collective action members of their right to join the lawsuit"); *Smith, et al. v. M-I, LLC*, No: 5-17-cv-00788, 2018 WL 3866624 (W.D. Tex. Aug. 14, 2018) (Farrer, M.J.) (determining that collective action waivers did not defeat certification, it just "dictates which former employees can ultimately join the suit"); *Weckesser v. Knight Enterprises, LLC*, 2018 WL 4087931, at * 2–3 (D.S.C. Aug. 27, 2018); *Camara v. Mastro's Restaurants LLC*, No. 18-724, 2018 WL 5281906, at *9–10 (D.D.C. Oct. 24, 2018) (Boasberg, J.) ("The majority of district courts to have addressed the issue determined that the fact that some employees have signed arbitration agreements does not preclude conditional certification as to **all** employees") (emphasis added, internal quotations omitted) (gathering cases)).

Again, while Plaintiffs' position that notice should issue to all current and former Chase employees is supported by the vast majority of jurisprudence on the issue, that is not ultimately the issue before this Court. Whether the arbitration agreements *could* preclude notice cannot (and should not) be addressed because Chase

procedurally failed to raise the issue before the District Court. As such, the issue is not properly before this Court by Petition for Writ of Mandamus.

**D.    Chase Cannot Meet Its Burden to Establish that the "Extraordinary" Writ of Mandamus Should Issue.**

As argued above, Chase is wrong on the merits. However, even if this Court determines that (a) the filing of a motion to compel is **not** a required procedural hurdle that must be met before the district court can evaluate the alleged arbitration agreement and (b) that *Hoffmann-La Roche* supports Chase's position that district courts lack jurisdiction to authorize discretionary notice to putative class members who may (or may not) be subject to arbitration—mandamus is not warranted.

**1.    Chase Cannot Demonstrate that it Has "No Other Adequate Means" to Attain the Relief it Desires**

Chase must show that they have "no other adequate means" to obtain relief. *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 352 (5th Cir. 2017).

> That is a high bar: The appeals process proves an adequate remedy in almost all cases, even where defendants face the prospect of an expensive trial. Mandamus is appropriate only where an error is truly 'irremediable on ordinary appeal.'

*In re Depuy Orthopaedics, Inc.*, 870 F.3d at 352–53  (quoting *In re Avantal, S.A.*, 343 F.3d 311 (5th Cir. 2003) and (citing *In re Lloyd's Register N.A., Inc.*, 780 F.3d 283, 288 (5th Cir. 2015) ("Even though the defendant may be required to engage in a costly and difficult trial and expend considerable resources before the court enters an appealable

judgment, those unrecoverable litigation costs are not enough to make this means of obtaining relief inadequate.")).

Mandamus is inherently inappropriate when the contested order involves conditional certification pursuant to § 216(b) of the FLSA because it is subject to reversal during the second, or decertification, stage of the *Lusardi* analysis. *See Rahman v. Fiesta Mart, LLC*, No. CV H-15-2295, 2016 WL 2346944, at *2 (S.D. Tex. May 4, 2016) ("The *Lusardi* test proceeds in two stages: (1) the 'notice' stage and (2) the 'decertification' stage."). Not only is the pending order not final, for purposes of appellate jurisdiction, but it is subject to automatic review by the trial court during the second stage of the *Lusardi* analysis. *See id.*; *see also Baldridge v. SBC Commnc's, Inc.*, 404 F.3d 930 (5th Cir. 2005).

The Sixth Circuit has addressed this issue in the conditional certification context and determined that there was an adequate remedy by appeal. *See In re HRC ManorCare, Inc.* No. 11-3866, 2011 WL 7461073, at *2 (6th Cir. 2011) (determining that "[i]f the cases proceed to judgment as a collective action, appellate review will be available") (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544 (6th Cir. 2006) ("there is no reason our court could not, following an appeal from final judgement, determine that part or all of the plaintiff group was improperly deemed to be similarly situated and therefore improperly notified and included by opt-in")).

In *Comer*, the Sixth Circuit adopted the approach of the Fifth Circuit in *Baldridge v. SBC Communications, Inc.* to hold that a conditional order approving notice in a suit under § 216(b) is not appealable. *See* 454 F.3d at 549; *Baldridge*, 404 F.3d 930 (addressing its appellate jurisdiction to review an interlocutory appeal of an order certifying an FLSA action as a collective). The defendant in *Comer* argued (as does Chase herein) that the district court's order would have the irrevocable effect of notifying the putative class members of the lawsuit and their rights under the FLSA, and asserts (as does Chase herein) that they cannot be "de-noticed" at a later date. *See* 454 F.3d at 549. Although *Comer* did not involve a Petition for Writ of Mandamus, the Court determined that the conditional certification order was inherently conditional, and temporary, and could be addressed following an appeal from final judgment. *See id.*

Because the order granting conditional certification is subject to reversal by the district court upon Chase's filing of a motion for decertification, and can otherwise be properly addressed following an appeal from a final judgment, Chase cannot show that it has no other adequate means of relief, and mandamus is therefore not appropriate. *See* 454 F.3d at 549; *Baldridge*, 404 F.3d 930

## 2. Chase Has Not Shown that Its Right to Issuance of the Writ Is "Clear and Indisputable" )

The party seeking the writ has the burden of showing that its right to issuance of the writ is "clear and indisputable." *See In re EEOC*, 709 F.2d at 395 (quoting *Will*,

389 U.S. at 96).  Showing a "clear and indisputable' right to mandamus relief "requires more than showing that the court misinterpreted the law, misapplied it to the facts, or otherwise engaged in an abuse of discretion." *In re Depuy Orthopaedics, Inc.*, 870 F.3d at 350–51.

In this case, Judge Ellison's order was not only within his discretion, it complied with the controlling jurisprudence in the Southern District of Texas, and the vast majority of courts to address this issue. *See Moore*, 2015 WL 12940139, at *5; *Villatoro*, 286 F. Supp. 2d at 811; *Barnett*, 2002 WL 1023161, at *2; *Garcia*, 2015 WL 1737932, at *8;  *Brayman*, 2018 WL 5776373; *Weckesser*, 2018 WL 4087931, at *2–3; *Camara*, 2018 WL 5281906, at *9–10.

Chase has not, and cannot, satisfy any of the prerequisites necessary to show that it is entitled to mandamus relief.

## CONCLUSION

For these reasons, Respondents-Plaintiffs request that this Court deny Chase's Petition for Writ of Mandamus.

Date: December 27, 2018       Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:    /s/ *Clif Alexander*
          **Clif Alexander**
          Texas Bar No. 24064805
          clif@a2xlaw.com
          **Austin W. Anderson**
          Texas Bar No. 24045189
          austin@a2xlaw.com
          **Lauren E. Braddy**
          Texas Bar No. 24071993
          lauren@a2xlaw.com
          819 N. Upper Broadway
          Corpus Christi, Texas 78401
          Telephone: (361) 452-1279
          Facsimile: (361) 452-1284

          *Attorneys of Record for Respondents-Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 21(d)(1) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 5,344 words.

This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Mac Version 19.19 (2018) in 14-point font size, and Garamond type style.

*/s/ Clif Alexander*
Clif Alexander

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 27, 2018, I electronically transmitted the Response to Petition for Writ of Mandamus.  I further certify that the following counsel of record for Real Parties in Interest are being served with a copy of the Response by USPS First Class Mail and electronic means as indicated below:

*Via USPS First Class Mail and Email*

William R. Peterson
William.peterson@morganlewis.com
Stefanie R. Moll
Stefanie.moll@morganlewis.com
T. Cullen Wallace
Cullen.wallace@morganlewis.com
Morgan, Lewis & Bockius, LLP
1000 Louisiana St., Suite 4000
Houston, Texas 77002

Samuel S. Shaulson
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
Sam.shaulson@morganlewis.com

I further certify that the Response to Petition for Writ of Mandamus is being electronically sent and served via USPS First Class Mail to the courtroom deputy to:

The Honorable Keith P. Ellison
U.S. District Court Southern District of Texas (Houston)
Bob Casey United States Courthouse
515 Rusk Avenue
Houston, TX 77002

*/s/ Clif Alexander*
Clif Alexander

No. 18-20825

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

*In re: JPMORGAN CHASE & CO.*

---

# EXHIBITS IN SUPPORT OF
# RESPONSE TO PETITION FOR WRIT OF MANDAMUS

---

On Petition for Writ of Mandamus to the United States District Court
For the Southern District of Texas, Cause No. 4:17-cv-3786
*Honorable Keith P. Ellison, District Judge*

---

**ANDERSON ALEXANDER, PLLC**

**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys of Record for Respondents-Plaintiffs*

**EXHIBITS IN SUPPORT OF RESPONSE TO**
**PETITION FOR A WRIT OF MANDAMUS**

In addition to the Exhibits filed by Petitioner JPMorgan Chase & Co. in Support of its Petition for Writ of Mandamus, Respondents-Plaintiffs submit the following Exhibits in Support of Respondents-Plaintiffs' Response.

| ECF No. | Description | Date |
|---------|-------------|------|
| 10 | Plaintiff's Notice of Filing Consents to Join | 2-7-2018 |
| 10-1 | Written Consent of LaTesha Copeland | 2-7-2018 |
| 10-3 | Written Consent of Raul Orta | 2-7-2018 |
| 81 | Transcript of December 20, 2018 hearing before Judge Ellison on Chase's Emergency Motion for Stay and to Certify § 1292(b) Appeal | 12-27-2018 |
| | District Court Docket | Updated 12-27-2018 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SHANNON RIVENBARK,** | § | |
| **Individually and on behalf of all others** | § | |
| **similarly situated** | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 4:17-cv-03786 |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **JPMORGAN CHASE & CO.** | § | |
| | § | **COLLECTIVE ACTION** |
| *Defendant* | § | **PURSUANT TO 29 U.S.C. § 216(b)** |

## PLAINTIFF'S NOTICE OF FILING CONSENTS TO JOIN

COMES NOW, Plaintiff SHANNON RIVENBARK, individually and on behalf of all others similarly situated, and hereby gives notice of filing with the Clerk of the Court the following Consents to Join pursuant to 29 U.S.C. § 216(b):

### NOTICES OF CONSENT

1. LaTesha Copeland
2. Norman R. Eaton
3. Raul Orta

Respectfully submitted,

By:      /s/ Clif Alexander
         **Clif Alexander**
         Federal I.D. No. 1138436
         Texas Bar No. 24064805
         clif@a2xlaw.com
         **Austin W. Anderson**
         Federal I.D. No. 777114
         Texas Bar No. 24045189
         austin@a2xlaw.com
         **Lauren E. Braddy**
         Federal I.D. No. 1122168
         Texas Bar No. 24071993
         lauren@a2xlaw.com
         **ANDERSON2X, PLLC**
         819 N. Upper Broadway
         Corpus Christi, Texas 78401
         Telephone: (361) 452-1279
         Facsimile: (361) 452-1284

         **ATTORNEY FOR PLAINTIFFS AND
         PUTATIVE CLASS MEMBERS**


                    **CERTIFICATE OF SERVICE**

        I hereby certify that on February 7, 2018, I electronically filed the foregoing document with

the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case

filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the

attorneys of record who have consented in writing to accept this Notice as service of this document

by electronic means.


                              /s/ Clif Alexander
                              Clif Alexander

## CONSENT TO JOIN WAGE CLAIM

Print Name: LaTesha Copeland
_____

1. I hereby consent to participate in a collective action lawsuit against **JPMORGAN CHASE & CO.** to pursue my claims of unpaid wages during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at ANDERSON2X, PLLC as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at ANDERSON2X, PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *LaTesha Copeland*
LaTesha Copeland (Feb 6, 2018)
_____

Date: Feb 6, 2018
_____

## CONSENT TO JOIN WAGE CLAIM

Print Name: __Raul Orta_____

1. I hereby consent to participate in a collective action lawsuit against **JPMorgan Chase & Co.** to pursue my claims of unpaid wages during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at Anderson2X, PLLC as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at Anderson2X, PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: _*Raul Orta*_____     Date: __Feb 5, 2018_____
           Raul Orta (Feb 5, 2018)

```
 1                     UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF TEXAS
 2                          HOUSTON DIVISION

 3   SHANNON RIVENBARK, et al      .  C.A. NO. H-17-3786
                                   .  HOUSTON, TEXAS
 4   VS.                           .
                                   .  DECEMBER 20, 2018
 5   JPMORGAN CHASE & CO.          .  2:30 P.M. to 2:59 P.M.

 6

 7                     TRANSCRIPT of MOTION HEARING
                  BEFORE THE HONORABLE KEITH P. ELLISON
 8                    UNITED STATES DISTRICT JUDGE

 9

10   APPEARANCES:

11

12   FOR THE PLAINTIFFS:              MR. WILLIAM CLIFTON ALEXANDER
                                      MR. AUSTIN ANDERSON
12                                    MS. LAUREN BRADDY
                                      MR. CLIFF GORDON
13                                    Anderson Alexander, PLLC
                                      819 N Upper Broadway
14                                    Corpus Christi, Texas   78401

15

16

17   FOR THE DEFENDANT:               MS. STEFANIE R. MOLL
                                      MR. WILLIAM R. PETERSON
                                      Morgan, Lewis & Bockius
18                                    1000 Louisiana
                                      Suite 4000
19                                    Houston, Texas   77002

20

21   OFFICIAL COURT REPORTER:         MS. KATHY L. METZGER
                                      U.S. Courthouse
22                                    515 Rusk
                                      Room 8004
23                                    Houston, Texas   77002
                                      713-250-5208
24

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
```

```
           1            P R O C E E D I N G S
           2        THE COURT:  Okay.  I know you've probably been through
           3   it with Ms. Metzger, but for my benefit, we're going to do
           4   appearances roll call one more time, beginning with plaintiffs.
:30:42     5        MR. ALEXANDER:  Yes, Your Honor.  Clif Alexander,
           6   Lauren Braddy, Austin Anderson, and Cliff Gordon.
           7        THE COURT:  Thank you very much.  Okay.  For defense?
           8        MS. MOLL:  Stefanie Moll and William Peterson for
           9   JPMorgan Chase.
:31:07    10        THE COURT:  Thank you.
          11            I'm not sure in the papers we've quite joined
          12   issue yet.  I know JPMorgan feels strongly that we shouldn't
          13   send notice to people who are subject to arbitration
          14   agreements, but the difficulty I have is we don't have any
:31:26    15   rulings on arbitration agreements.  So, we don't know if those
          16   are bindings until that matter has been litigated.
          17            Chase frames the issue as whether it's
          18   appropriate to send out notice to individuals with binding
          19   arbitration agreements, but I don't know any way we know
:31:47    20   whether those are binding.  So, anyway, it's Chase's motion, so
          21   I'm going to let you go first.  Ms. Moll, are you going to
          22   argue it or Mr. Peterson?
          23        MS. MOLL:  Yes, Your Honor.  Just to address your
          24   first issue and you understand -- your point on the arbitration
:32:04    25   issue and you understand -- and we keep appearing before you
```

:32:08  1  right in front of major holidays.  I apologize for that.  But

2  the issue on arbitration we believe was taken off the table by

3  the plaintiffs.  I realize there's a dispute on that, but that

4  was not something that we thought we needed to compel.  And I

:32:24  5  think in spite of that, that the FAA should give us a

6  presumption favoring arbitration and we should presume that

7  those arbitration contracts are valid and enforceable instead

8  of the reverse.  And that's the posture that we'd like to

9  present.

:32:41  10  But putting that issue to the side, we do think

11  that this case presents a prime question for 1292(b) appeal.

12  There are -- the issue is with the number of arbitration

13  signers, just with respect to the opt-ins, we've got 82

14  opt-ins.  72 of them have arbitration agreements.  So, that's

:33:03  15  86 percent.

16  Also, this is not a brand-new procedural posture

17  to be facing an issue before up on appeal.  This is how -- this

18  is the same procedural posture that faced the Court in

19  *Hoffmann-La Roche*.  So, when we take this issue to the Fifth

:33:20  20  Circuit, obviously what Chase would love is to have some buy-in

21  from the district court, not necessarily that you agree with

22  our position, but that you agree that this is a hard issue,

23  this is a difficult issue, and that this really is an unsettled

24  issue.

:33:36  25  With respect to the circuit courts and when it

:33:40  1  comes to the interplay between the FLSA and the Federal

2  Arbitration Act, they're silent.  There are no rulings on that.

3  And with respect to the district courts, they're very divided.

4  They follow at least three strands of thought.  I'm sure you

:33:56  5  don't want to be bored with all of the cases.

6       *THE COURT:*  I think I'm familiar with them.

7       *MS. MOLL:*  Yes.  So, without a doubt, there's not

8  consistency.  And I think that's the point.  The 1292 factors

9  are met here.  This without a doubt involves a controlling

:34:09  10  question of law.  And in order to assess that factor, you have

11  to see how it hinges on the potential to have some impact on

12  the course of the litigation.  This is more than just some

13  impact, Your Honor.  Notice has been ordered to issue to

14  approximately 42,000 people, 85 percent of whom, we contend, do

:34:30  15  not belong in the class, and it's because they have signed

16  arbitration agreements.  In fact, they've waived their right to

17  participate in the class.

18       So, what we're dealing with here is a difference

19  between an approximately 7,000 member class and a 35 member

:34:44  20  class.  Saving notice, also, we believe circumvents the clear

21  mandate of the --

22       *THE COURT:*  Well, what if some of those 35,000, or

23  whatever, what if they really do have legitimate defenses to

24  the enforceability of arbitration?  Then they're not going to

:35:03  25  be aware this litigation is going on?

:35:05  1          MS. MOLL:  I think they should raise their issues if

2      they have issues --

3          THE COURT:  Well, I know.  But how do they do that

4      without notice?

:35:10  5          MS. MOLL:  Well, to the same point, Your Honor, they

6      have -- all the opt-ins, there are 72 of the opt-ins who have

7      yet to raise the issue.

8          THE COURT:  Well, I understand that, but they at least

9      know the lawsuit is going on and you'll be able to knock them

:35:25  10     out if the arbitration agreements are good.  So, could we fix

11     this -- could we make both sides happy if we included some

12     language in the notice to the extent that Chase -- because it's

13     Chase's contention that those subject to arbitration agreements

14     cannot participate in the suit?

:35:43  15         MS. MOLL:  No, Your Honor.  I think that the issue of

16     issuing them the notice is the problem.  And we do challenge

17     the right of the opt-in plaintiffs to get -- to receive notice

18     of the case.  And that's what Hoffmann-La Roche said, that

19     there is no right to receive notice.  That's the part of it.  I

:36:00  20     understand that there are district courts that disagree with

21     us, and there is a line of cases that supports that, but that's

22     our contention.

23              So, informing people, yes, you can join the

24     lawsuit or, yes, you can get notice of the lawsuit but you

:36:13  25     can't join to me seems very self-defeating and causes this

:36:18　1　whole problem with sprawling litigation and actually disserves

2　the purpose of not having this multi-duplicity of lawsuits that

3　*Hoffmann-La Roche* was supposed to and that 20 -- 216(b) was

4　supposed to prevent.  I mean, that's the issue.

:36:33　5　　　　THE COURT:  But this arbitration issue was in a

6　different format in that case, though, wasn't it?

7　　　　MS. MOLL:  In *Hoffmann-La Roche*?

8　　　　THE COURT:  Yeah.

9　　　　MS. MOLL:  That was not the issue in that case, yes.

:36:42　10　But I think what we're dealing with here, in terms of the

11　presumption, that's what we're challenging here, that there is

12　some right to receive notice.  And that's the fundamental

13　disagreement between the parties, and I don't see anything in

14　the statute --

:36:56　15　　　　THE COURT:  But on the issue -- let's assume that

16　there is somebody out there who's signed a piece of paper that

17　has an arbitration clause but for whatever reason that

18　arbitration clause is not enforceable, because of defects in

19　contract formation, then that person would not get notice of a

:37:16　20　collective action that might bring her or him a recovery.

21　　　　MS. MOLL:  That's right, Your Honor.  And I think what

22　we're saying is, we're coming up with a hypothetical person who

23　may or may not have a proper challenge to the arbitration

24　agreement, sort of turning it on its head.  No such challenge

:37:33　25　has been made despite the fact that they represented from day

:37:36   1   one a large percentage, over 80 -- almost 87 percent of the

2   folks who they represent have arbitration agreements.

3        *THE COURT:*  Okay.  All right.  Thank you.  Let me hear

4   from the other side.

:37:47   5        *MR. ALEXANDER:*  Thank you, Your Honor, if I may.  Clif

6   Alexander for the plaintiffs.

7             Your Honor, I guess just to take her arguments in

8   order, one, I think that where the dispute lies as to the

9   arbitration agreements is that from the beginning, from the

:38:05  10   outset when we had our scheduling conference here, we had no

11   dispute that if these arbitration agreements were valid, if

12   they were enforceable, if they were binding, then, of course,

13   we wouldn't fight them.  Of course, those people would go to

14   arbitration.  But we were never able to agree on that.  We

:38:25  15   traded drafts of the stipulation back and forth over the course

16   of weeks, where terms were redlined and back and forth, where

17   we never were able to agree that these agreements were binding

18   or enforceable --

19        *THE COURT:*  What were you trying to agree on?

:38:39  20   Something in the notice?

21        *MR. ALEXANDER:*  No, Your Honor.  We were trying to

22   agree or see if there was a way to look at all the arbitration

23   agreements and see if they were valid.  We weren't able to

24   agree on those, and that's why nothing was ever filed.

:38:52  25        *THE COURT:*  Because you have a specific argument as to

:38:53  1    a defect in the arbitration agreements or because you just

2    generally think they may be defective?

3         MR. ALEXANDER:  Generally, Your Honor, and specific,

4    because there were multiple different agreements that we were

:39:03  5    never presented with until later on.  So, getting past that,

6    though, Your Honor, is that I think what Ms. Moll was saying,

7    is that the Court was presenting a hypothetical, but Chase is

8    presenting a hypothetical, because they're presupposing that

9    all of these agreements are valid and binding.

:39:19  10        THE COURT:  Well, they're saying -- they're saying

11   they're entitled to a presumption.

12        MR. ALEXANDER:  Sure.  Well, and, again, Your Honor, I

13   think that's Chase's burden to prove, that these agreements are

14   enforceable --

:39:28  15        THE COURT:  Well, that would take a lot of time to go

16   through 35,000 arbitrations.

17        MR. ALEXANDER:  Sure.  And I think the Court has hit

18   it right on the head, though, with the fact that these

19   individuals, who may or may not be subject to arbitration, yes,

:39:39  20   they've signed arbitration agreements, that doesn't mean that

21   they're subject to arbitration until the Court makes a ruling

22   on Chase's motion to do that.  And that's what we're -- we

23   don't have that here today.  And, so, what -- I think what

24   Chase is trying to do is that, again, they've said it, it's

:39:56  25   clear, they don't want notice going out to these people.

:39:58  1          And, so, Your Honor, is correct, saying that,

2  well, what happens if someone that does have a defective

3  arbitration agreement, what if they don't get notice, then they

4  get left out.  All of these people should receive notice on the

:40:12  5  front-end for all of the reasons you made in your opinion ten

6  days ago.  And, again, I guess --

7          THE COURT:  Why can't we fix this with a notice?  Why

8  can't we do that?

9          MR. ALEXANDER:  We can, Your Honor.  And we've --

:40:25  10          THE COURT:  Have you exchanged efforts to do that?

11          MR. ALEXANDER:  Well, Your Honor, if you recall from

12  the -- I guess the hearing, Chase never wanted to entertain any

13  type of notice whatsoever, and so we were not able to agree on

14  any type of forms of notice.  We proposed a notice, I think an

:40:44  15  amended proposed notice, Your Honor, that was in our papers for

16  the motion for additional certification, that says in the

17  notice, Hey, if you have an arbitration agreement, you may have

18  to arbitrate your claims.  You can contact us, and we can help

19  you with that process if necessary.

:40:58  20          So, there's -- I think that even in one of the

21  cases that was cited in the briefs, the *Moore versus C & J*

22  *Energy* case, our law firm was a part of that case, and what we

23  did in that notice was just what we are proposing here.  You

24  have a separate paragraph in the notice explaining what might

:41:17  25  transpire if you have an arbitration agreement that is found to

:41:21  1  be binding and enforceable.  And, so, that cures any potential

2  harm, Your Honor.

3      *THE COURT:*  Well, they still have to make the

4  mailings.  I mean, I'm not insensitive to that.  That's a lot

:41:33  5  of administrative expense.

6      *MR. ALEXANDER:*  Well, Your Honor, plaintiffs' counsel

7  is taking on that expense.

8      *THE COURT:*  You're going to take that expense?  Good,

9  that helps.

:41:39  10      *MR. ALEXANDER:*  We are.  We have already contacted a

11  third party administrator, and they have told us that if they

12  received the notice list as ordered by Your Honor on Monday,

13  then they can have it turned around and sent out within ten

14  days.

:41:56  15      *THE COURT:*  So, the objection is simply that the

16  notice may be misleading?  What --

17      *MR. ALEXANDER:*  I don't know what their object -- I

18  think that their objection, Your Honor, is that no notice

19  should go out at all.

:42:09  20      *THE COURT:*  Well, I know that's their position, but I

21  thought it was more of an administrative burden argument than

22  anything else.  Let me go back to Ms. Moll.

23      *MR. ALEXANDER:*  Thank you, Your Honor.

24      *MS. MOLL:*  Thank you, Your Honor.  You asked if we

:42:20  25  could compromise on the notice.  I'm sure that compromises

:42:22  1  could be reached on the notice but not with respect to notice

2  issuing to arbitration signers.  That's where we need to draw

3  the firm line in the sand and what we're opposed to in any

4  form.

:42:33  5        *THE COURT:*  And I'm trying to understand why you're

6  opposed to it.

7        *MS. MOLL:*  Because I think that that is putting the

8  Fair Labor Standards Act before the FAA, and I think that's the

9  question -- interesting question that we need guidance from,

:42:45  10  from the Fifth Circuit, the interplay between those two

11  statutes, which one would trump.  You know, obviously we think

12  that would be the FAA.

13        *THE COURT:*  Well, I don't know why either of them

14  trumps the other, because we can tell them in the notice that

:42:59  15  the arbitration agreements, if valid, would vitiate the right

16  to participate in the collective suit.  And notice to

17  arbitration agreements are upheld as valid and they should seek

18  independent counsel if they have questions about the

19  enforceability of their own arbitration agreement.  I don't see

:43:25  20  that as unfair to anybody.

21        *MS. MOLL:*  I think the problem with that is, again, it

22  presupposes that there is a right to notice.  And that's our

23  objection.  That's not what *Hoffmann-La Roche* stood for.

24  That's not the proposition that the Supreme Court has advanced.

:43:42  25        *THE COURT:*  Well, does the employer have a right to

:43:44  1  refuse notice, is that the way we ought to think of it?

2      *MS. MOLL:*  No, Your Honor.  I think we can, you

3  know, follow the guidance of 216(b) and the Supreme Court

4  precedent on that issue.  And, so, that leaves us with the

:43:57  5  question of whether or not to issue notice.  And that's what

6  *Hoffmann-La Roche* stood for, is having the district court have

7  the authority to facilitate notice, to offer -- to issue notice

8  and to facilitate the notice, not to assume that there is a

9  right to the notice.

:44:17  10      *THE COURT:*  Yeah, do you want another turn at bat?

11      *MR. ANDERSON:*  Your Honor, Austin Anderson for the

12  plaintiffs.  One of the -- another issue that I think this

13  Court should be made aware of is the *Reyna versus IBC Bank* case

14  out of the Fifth Circuit.  That's 839 F.3d 373.  It's a 2016

:44:42  15  case in the Fifth Circuit.  And specifically that case dealt

16  with the filing of a motion to compel and the denial of that

17  motion to compel with regard to an arbitration.  And in that

18  case the Fifth Circuit says that if there's a motion to compel

19  that is timely filed, that it needs to be filed in order for

:45:08  20  that issue to be ruled upon for the very reason --

21      *THE COURT:*  The motion to compel arbitration?

22      *MR. ANDERSON:*  Yes, the motion to compel arbitration.

23  It needs to be filed procedurally.  So, this is not some

24  unsettled question of law that we have even within the Fifth

:45:22  25  Circuit.  Take a look at the *Reyna* case.  It specifically deals

:45:25  1  with this issue.  I just wanted to bring that court case --

2  case to the Court's attention.

3      *MS. MOLL:*  Your Honor, as a separate issue, we also

4  have the motion to stay.  Of course, that's presented as a

:45:41  5  separate issue, because once the notice issues, that's where

6  Chase faces the irreparable harm.

7      *THE COURT:*  Well, I'm still trying to get my arms

8  around what the irreparable harm is.  If it's not

9  administrative hassle or expense, it's -- I'm not sure what it

:46:01  10  is.

11      *MR. PETERSON:*  Your Honor, may I?

12      *THE COURT:*  Yes, sir.

13      *MR. PETERSON:*  Thank you.  Your Honor, I see the main

14  dispute as --

:46:16  15      *THE COURT:*  Say it again.

16      *MR. PETERSON:*  I see the main dispute as a question

17  of the scope of the district court's authority to provide

18  notice to potential plaintiffs.  And the way that we read

19  *Hoffmann-La Roche*, is that there is no free-standing authority

:46:28  20  that a district court has in any case to provide notice to

21  potential plaintiffs who may wish to join that litigation.

22  Over a dissent by Justice Scalia, the Supreme Court said that

23  there was a -- what we see as a narrow limited authority to

24  provide notice only to participants in a collective action

:46:47  25  under Section 216(b).  And that power necessarily extends only

:46:51  1  to individuals who could participate as plaintiffs in the

2  collective action.

3        So, we see it to the extent that any of these

4  individuals could not participate in the collective action,

:47:01  5  there is no authority --

6      *THE COURT:*  Well, I understand that, but we just don't

7  know yet whether they have the right to participate or not.

8      *MR. PETERSON:*  And, Your Honor, I'll say, I think

9  that's a difficult question.  And I don't think there is an

:47:13  10  easy answer here as to how these two statutes interact.  We

11  have certainly seen the Supreme Court and other courts strongly

12  enforce the Federal Arbitration Act every time there's

13  potential conflict between the FAA and another statute.  There

14  is not an easy answer, as to how these two statutes interact in

:47:29  15  this situation.  There's certainly no guidance that we've

16  received from the Fifth Circuit or any other Federal Court of

17  Appeals on it, and that's why we intend to ask for some

18  guidance from the Fifth Circuit.

19      *THE COURT:*  Let me have a word with my colleague.  No

:47:42  20  one need stand up.

21      *(Brief break)*

22      *THE COURT:*  No, keep your seats, everybody.

23      I certainly -- I can't predict with confidence

24  what the Fifth Circuit would say about this issue.  But I'm

:57:19  25  still not clear that we've decided that the statutory

:57:24 1  prerequisite has been satisfied, 1292(b), whether this issue --

2  this order involves a controlling question of law, and it

3  doesn't really, in terms of it getting rid of the whole

4  lawsuit.  It just speaks to the question of notice.

:57:41 5           And then I understand that Chase thinks it would

6  materially advance the ultimate termination of litigation.  But

7  I don't quite see it that way.  It would materially -- it would

8  materially change notice, but not the ultimate termination of

9  the language -- of the lawsuit.  And we have the fact that

:58:13 10  Congress made a decision to allow immediate appeal on class

11  actions but not to do it on collective actions, and presumably

12  we need to respect that distinction.

13           I really think -- and the other factor is all

14  I've done is conditionally certify the case.  I may ultimately

:58:34 15  decide to decertify it under the *Lusardi* protocol.  So, we have

16  another pass at this whole issue in a few months.  I think

17  certification would be wrong as a matter of law and I think it

18  would be a significant delay.  So, I'm not going to certify it.

19  I'm going to deny the stay.

:59:06 20           Anything further we can do today?

21       *MR. ALEXANDER:*  Not from the plaintiffs, Your Honor.

22       *THE COURT:*  Thank you very much.

23     *(Concluded at 2:59 p.m.)*

24                    * * *

25  I certify that the foregoing is a correct transcript from the

1  record of proceedings in the above-entitled cause, to the best

2  of my ability.

3

4  /s/ *Kathy L. Metzger*                    *12-27-2018*

   Kathy L. Metzger                          Date

5  Official Court Reporter

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:17-cv-03786

Rivenbark v. JPMORGAN CHASE & CO.                    Date Filed: 12/14/2017
Assigned to: Judge Keith P Ellison                   Jury Demand: Plaintiff
Cause: 29:201 Fair Labor Standards Act               Nature of Suit: 710 Labor: Fair Standards
                                                     Jurisdiction: Federal Question

**Plaintiff**

**Shannon Rivenbark**                    represented by   **William Clifton Alexander**
                                                          Anderson Alexander,PLLC
                                                          819 N Upper Broadway
                                                          Corpus Christi, TX 78401
                                                          361-452-1279
                                                          Fax: 361-452-1284
                                                          Email: clif@a2xlaw.com
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kaylah Casuccio**                      represented by   **William Clifton Alexander**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ceyanda Harris**                       represented by   **William Clifton Alexander**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JPMORGAN CHASE & CO.**                 represented by   **Carrie Anne Gonell**
                                                          Morgan Lewis et al
                                                          600 Anton Blvd
                                                          STe 1800
                                                          Costa Mesa, CA 92626-7653
                                                          714-830-0600
                                                          Email: carrie.gonell@morganlewis.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ronald E Manthey**

Ron Manthey LLC
1616 Maple Drive
Tool, TX 75143
214-769-9040
Email: Ron.Manthey@gmail.com
*TERMINATED: 06/08/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel S Shaulson**
Morgan Lewis et al
101 Park Ave
New York, NY 10178-0060
212-309-6718
Fax: 212-309-6273
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stefanie R Moll**
Morgan, Lewis & Bockius
1000 Louisiana
Ste. 4000
Houston, TX 77002
713-890-5780
Fax: 713-890-5001
Email: stefanie.moll@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Cullen Wallace**
Morgan Lewis Bockus LLP
1000 Louisiana St
Ste 4000
Houston, TX 77002
713-890-5722
Fax: 713-890-5001
Email: cullen.wallace@morganlewis.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2017 | 1 | COMPLAINT against JPMORGAN CHASE & CO. (Filing fee $ 400 receipt number 0541-19338894) filed by Shannon Rivenbark. (Attachments: # 1 Exhibit Shannon Rivenbark Consent, # 2 Civil Cover Sheet)(Alexander, William) (Entered: 12/14/2017) |
| 12/14/2017 | 2 | Request for Issuance of Summons as to JPMORGAN CHASE & CO., filed.(Alexander, William) (Entered: 12/14/2017) |

| 12/15/2017 | 3 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 3/16/2018 at 01:45 PM in Courtroom 3A before Judge Keith P Ellison. (Signed by Judge Keith P Ellison) Parties notified. (wbostic, 4) (Entered: 12/15/2017) |
| --- | --- | --- |
| 12/18/2017 | 4 | CONSENT to Join a Collective/Class Action for Deborah Moore by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Deborah Moore Consent)(Alexander, William) (Entered: 12/18/2017) |
| 12/19/2017 | | Summons Issued as to JPMORGAN CHASE & CO.. Issued summons delivered to plaintiff by First-class mail, filed.(hler, 4) (Entered: 12/19/2017) |
| 01/10/2018 | 5 | RETURN of Service of SUMMONS Executed as to JPMORGAN CHASE & CO. served on 1/3/2018, answer due 1/24/2018, filed.(Alexander, William) (Entered: 01/10/2018) |
| 01/16/2018 | 6 | CERTIFICATE OF INTERESTED PARTIES by Shannon Rivenbark, filed.(Alexander, William) (Entered: 01/16/2018) |
| 01/22/2018 | 7 | Unopposed MOTION for Extension of Time (for Def to file Answer or responsive pldg) by JPMORGAN CHASE & CO., filed. Motion Docket Date 2/12/2018. (Attachments: # 1 Proposed Order)(Manthey, Ronald) (Entered: 01/22/2018) |
| 01/22/2018 | 8 | ORDER granting 7 Unopposed MOTION for Extension of Time (for Def to file Answer or responsive pldg) ; Answer due for JPMORGAN CHASE & CO. 2/2/2018(Signed by Judge Keith P Ellison) Parties notified.(sanderson, 4) (Entered: 01/23/2018) |
| 02/02/2018 | 9 | ANSWER to 1 Complaint by JPMORGAN CHASE & CO., filed.(Manthey, Ronald) (Entered: 02/02/2018) |
| 02/07/2018 | 10 | CONSENT to Join a Collective/Class Action for LaTesha Copeland, Norman R. Eaton, Raul Orta by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit LaTesha Copeland Consent, # 2 Exhibit Norman R. Eaton Consent, # 3 Exhibit Raul Orta Consent) (Alexander, William) (Entered: 02/07/2018) |
| 02/07/2018 | 11 | CONSENT to Join a Collective/Class Action for Camille Dyes, Cassandra Gamez, Jordan Paice by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Camille Dyes Consent, # 2 Exhibit Cassandra Gamez Consent, # 3 Exhibit Jordan Paice Consent) (Alexander, William) (Entered: 02/07/2018) |
| 02/13/2018 | 12 | CONSENT to Join a Collective/Class Action for Mary Byars, Chassidy Clark, Patricia R. Clayborn, Erin Dulin, Tania Garza, Raediance Hopkins, Elizabeth McBride, Jasmin Moore, Natisha Price, Carla Rigsby, Dabione Roquemore, Alden Smith, Bradley L. Smith, Krystal Smith, Katrina Taylor, Roshaunda Williams by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent, # 2 Exhibit Consent, # 3 Exhibit Consent, # 4 Exhibit Consent, # 5 Exhibit Consent, # 6 Exhibit Consent, # 7 Exhibit Consent, # 8 Exhibit Consent, # 9 Exhibit Consent, # 10 Exhibit Consent, # 11 Exhibit Consent, # 12 Exhibit Consent, # 13 Exhibit Consent, # 14 Exhibit Consent, # 15 Exhibit Consent, # 16 Exhibit Consent)(Alexander, William) (Entered: 02/13/2018) |
| 02/16/2018 | 13 | First AMENDED COMPLAINT with Jury Demand against JPMORGAN CHASE & |

| | | CO. filed by Shannon Rivenbark, Kaylah Casuccio. (Attachments: # 1 Exhibit Kaylah Casuccio Consent)(Alexander, William) (Entered: 02/16/2018) |
|---|---|---|
| 02/16/2018 | 14 | CONSENT to Join a Collective/Class Action for Bethanie Deitch, Brandi Pearson, Stacey M. Rocha, Shalina Sams, Ogina Savannah, Candace Smith, Tyesha Stafford, Sharonza Walker, Samara Williams, Othiess Wilson by Kaylah Casuccio, Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent, # 2 Exhibit Consent, # 3 Exhibit Consent, # 4 Exhibit Consent, # 5 Exhibit Consent, # 6 Exhibit Consent, # 7 Exhibit Consent, # 8 Exhibit Consent, # 9 Exhibit Consent, # 10 Exhibit Consent)(Alexander, William) (Entered: 02/16/2018) |
| 02/20/2018 | 15 | CONSENT to Join a Collective/Class Action for Nikeya T. Breaux, Shannon Cooper, Niomie Galindez, Denise Gunnoe, Tiffany E. Hill, Tanika Myricks, Erica Simmons, LaTajah White by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent, # 2 Exhibit Consent, # 3 Exhibit Consent, # 4 Exhibit Consent, # 5 Exhibit Consent, # 6 Exhibit Consent, # 7 Exhibit Consent, # 8 Exhibit Consent)(Alexander, William) (Entered: 02/20/2018) |
| 02/21/2018 | 16 | CONSENT to Join a Collective/Class Action for Courtney Kennedy, Darrick Thomas by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent, # 2 Exhibit Consent) (Alexander, William) (Entered: 02/21/2018) |
| 02/22/2018 | 17 | CONSENT to Join a Collective/Class Action for Joseph Handy Jr., Monica Henley, Christopher Seitz by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent, # 2 Exhibit Consent, # 3 Exhibit Consent)(Alexander, William) (Entered: 02/22/2018) |
| 02/26/2018 | 18 | CONSENT to Join a Collective/Class Action for Sheena Austin, Catia M. Collins, Courtney McCreery by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent, # 2 Exhibit Consent, # 3 Exhibit Consent)(Alexander, William) (Entered: 02/26/2018) |
| 02/28/2018 | 19 | CONSENT to Join a Collective/Class Action for Seketra Black, Keisha Norwood Bradford, Christeen M. Oellrich, Ahllurra Sikes, Stephen Zerante by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent, # 2 Exhibit Consent, # 3 Exhibit Consent, # 4 Exhibit Consent, # 5 Exhibit Consent)(Alexander, William) (Entered: 02/28/2018) |
| 03/02/2018 | 20 | ANSWER to 13 Amended Complaint/Counterclaim/Crossclaim etc. by JPMORGAN CHASE & CO., filed.(Manthey, Ronald) (Entered: 03/02/2018) |
| 03/02/2018 | 21 | CONSENT to Join a Collective/Class Action for Lizz Montalvo by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent)(Alexander, William) (Entered: 03/02/2018) |
| 03/05/2018 | 22 | CONSENT to Join a Collective/Class Action for Michelle Bhatia, Eddy Hernandez, Zeneta Lewis, Brandon Norman by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent, # 2 Exhibit Consent, # 3 Exhibit Consent, # 4 Exhibit Consent) (Alexander, William) (Entered: 03/05/2018) |
| 03/06/2018 | 23 | CONSENT to Join a Collective/Class Action for Ineasha Day, Keiona Wright-Gary by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent, # 2 Exhibit Consent) (Alexander, William) (Entered: 03/06/2018) |
| 03/08/2018 | | Notice Regarding Initial Conference(Signed by Judge Keith P Ellison) Parties notified. |

| | 24 | (arrivera, 4) (Entered: 03/08/2018) |
|---|---|---|
| 03/08/2018 | 25 | CONSENT to Join a Collective/Class Action for Lashell Berry by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent)(Alexander, William) (Entered: 03/08/2018) |
| 03/09/2018 | 26 | JOINT DISCOVERY/CASE MANAGEMENT PLAN by JPMORGAN CHASE & CO., filed.(Manthey, Ronald) (Entered: 03/09/2018) |
| 03/09/2018 | 27 | CORPORATE DISCLOSURE STATEMENT by JPMORGAN CHASE & CO. identifying JPMorgan Chase & Co. as Corporate Parent, filed.(Manthey, Ronald) (Entered: 03/09/2018) |
| 03/12/2018 | 28 | CONSENT to Join a Collective/Class Action for Lashell Berry, Je'Juan J. Gray, Natasha Hawkins, Sabrina Johnson by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent, # 2 Exhibit Consent, # 3 Exhibit Consent, # 4 Exhibit Consent)(Alexander, William) (Entered: 03/12/2018) |
| 03/14/2018 | 29 | NOTICE of Setting. Parties notified. Initial Conference reset for 3/16/2018 at 11:00 AM in Courtroom 3A Houston before Judge Keith P Ellison, filed. TIME CHANGE ONLY. (arrivera, 4) (Entered: 03/14/2018) |
| 03/16/2018 | | Minute Entry for proceedings held before Judge Keith P Ellison. SCHEDULING CONFERENCE held on 3/16/2018. Defendant has 45 days to take the depositions of the claimants. Plaintiffs' motion for conditional certification and notice is due on May 14, 2018. Dispositive motions are due on or before December 21, 2018. The parties may agree to internal discovery deadlines, such as for expert disclosures, so long as they do not alter the conditional certification, dispositive motions, or trial schedule. As explained on the record, claims will toll from 3/16/2018 until the Court rules on conditional certification. Jury Trial set for 3/25/2019 at 09:00 AM in Courtroom 3A Houston before Judge Keith P Ellison Appearances:Aimee Raimer, T. Cullen Wallace. William Clifton Alexander, Ronald E Manthey.(Court Reporter: G. Dye)(Law Clerk: M. Rock), filed.(arrivera, 4) (Entered: 03/16/2018) |
| 03/16/2018 | 30 | AO 435 TRANSCRIPT REQUEST by Def JPMorgan Chase/Ronald Manthey for Transcript of Scheduling Conf on 3-16-18 before Judge Ellison. Hourly turnaround requested. Court Reporter/Transcriber: Gayle Dye, filed. (Manthey, Ronald) (Entered: 03/16/2018) |
| 03/16/2018 | 31 | CONSENT to Join a Collective/Class Action for Temaya Johnson, Lakecia Morris by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent, # 2 Exhibit Consent) (Alexander, William) (Entered: 03/16/2018) |
| 03/21/2018 | 32 | TRANSCRIPT re: Initial Conference held on March 16, 2018, before Judge Keith P Ellison. Court Reporter/Transcriber Dye. Ordering Party Ronald E. Manthey Release of Transcript Restriction set for 6/19/2018., filed. (gdye, ) (Entered: 03/21/2018) |
| 03/22/2018 | 33 | Notice of Filing of Official Transcript as to 32 Transcript. Party notified, filed. (hcarr, 4) (Entered: 03/22/2018) |
| 03/22/2018 | 34 | CONSENT to Join a Collective/Class Action for Brittany Brown by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Brittany Brown Consent)(Alexander, |

| | | William) (Entered: 03/22/2018) |
|---|---|---|
| 03/23/2018 | 35 | CONSENT to Join a Collective/Class Action for Deleshia Mitchell by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent)(Alexander, William) (Entered: 03/23/2018) |
| 03/29/2018 | 36 | CONSENT to Join a Collective/Class Action for David Bernard Boyd by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent)(Alexander, William) (Entered: 03/29/2018) |
| 04/16/2018 | 37 | CONSENT to Join a Collective/Class Action for Clarence Breaux by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent)(Alexander, William) (Entered: 04/16/2018) |
| 04/18/2018 | 38 | CONSENT to Join a Collective/Class Action for Richard Byron Gamel, III by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent)(Alexander, William) (Entered: 04/18/2018) |
| 04/18/2018 | 39 | MOTION for Carrie Gonell to Appear Pro Hac Vice by JPMORGAN CHASE & CO., filed. Motion Docket Date 5/9/2018. (Wallace, Thomas) (Entered: 04/18/2018) |
| 04/19/2018 | 40 | CONSENT to Join a Collective/Class Action for Isabel Nava by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent)(Alexander, William) (Entered: 04/19/2018) |
| 04/19/2018 | 41 | ORDER granting 39 Motion for Carrie Gonell to Appear Pro Hac Vice.(Signed by Judge Keith P Ellison) Parties notified.(kpicota, 4) (Entered: 04/20/2018) |
| 04/26/2018 | 42 | CONSENT to Join a Collective/Class Action for Ava M. Washington, Cteria Wolfe by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent, # 2 Exhibit Consent) (Alexander, William) (Entered: 04/26/2018) |
| 05/02/2018 | 43 | CONSENT to Join a Collective/Class Action for Gregory Morton by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent)(Alexander, William) (Entered: 05/02/2018) |
| 05/02/2018 | 44 | NOTICE of Withdrawal of Consent of Stephen Zerante by Shannon Rivenbark, filed. (Alexander, William) (Entered: 05/02/2018) |
| 05/11/2018 | 45 | Unopposed MOTION for Extension of Time to file Plaintiffs' Motion for Conditional Certification and Notice to Putative Class Members by Shannon Rivenbark, filed. Motion Docket Date 6/1/2018. (Attachments: # 1 Proposed Order)(Alexander, William) (Entered: 05/11/2018) |
| 05/11/2018 | 46 | ORDER granting 45 Motion for Extension of Time to file Plaintiffs' Motion for Conditional Certification and Notice to Putative Class Members. The deadline is extended to 5/18/2018. (Signed by Judge Keith P Ellison) Parties notified.(gclair, 4) (Entered: 05/11/2018) |
| 05/18/2018 | 47 | NOTICE of Setting. Parties notified. Discovery Hearing set for 5/18/2018 at 03:00 PM in by telephone before Judge Keith P Ellison, filed. (arrivera, 4) (Entered: 05/18/2018) |
| 05/18/2018 | 48 | Opposed MOTION to Certify Class by Kaylah Casuccio, Shannon Rivenbark, filed. Motion Docket Date 6/8/2018. (Attachments: # 1 Exhibit 1-Transcript of S. Rivenbark, |

| | | |
|---|---|---|
| | | # [2](#) Exhibit 1A-(Part 1) Ex-1 to Depo of S. Rivenbark, # [3](#) Exhibit 1A-(Part 2) Ex-1 to Depo of S. Rivenbark, # [4](#) Exhibit 2-Transcript of D. Moore, # [5](#) Exhibit 3-Transcript of N. Eaton, # [6](#) Exhibit 4-Transcript of C. Rigsby, # [7](#) Exhibit 5-Transcript of D. Gunnoe, # [8](#) Exhibit 6-Transcript of I. Day, # [9](#) Exhibit 7-Decl N. Hawkins, # [10](#) Exhibit 8-Decl G. Morton, # [11](#) Exhibit 9-Decl C. Oellrich, # [12](#) Exhibit 10-Decl E. Hernandez, # [13](#) Exhibit 11-Decl C. Collins, # [14](#) Exhibit 12-Decl K. Casuccio, # [15](#) Exhibit 13-Decl C. McCreery, # [16](#) Exhibit 14-Decl N. Galindez, # [17](#) Exhibit 15-Decl M. Bhatia, # [18](#) Exhibit 16-Decl J. Paice, # [19](#) Exhibit 17-Decl S. Williams, # [20](#) Exhibit 18-Decl S. Austin, # [21](#) Exhibit 19-Decl M Byars, # [22](#) Exhibit 20-Decl R. Williams, # [23](#) Exhibit 21-Decl C. Dyes, # [24](#) Exhibit 22-Decl L. Copeland, # [25](#) Exhibit 23-Decl K. Taylor, # [26](#) Exhibit 24-Decl B. Smith, # [27](#) Exhibit 25-Decl C. Smith, # [28](#) Exhibit 26-Decl E. Simmons, # [29](#) Exhibit 27-Decl T. Myricks, # [30](#) Exhibit 28-Decl S. Cooper, # [31](#) Exhibit 29-Decl C. Wolfe, # [32](#) Exhibit 30-Decl O. Savannah, # [33](#) Exhibit 31- Decl T. Hill, # [34](#) Exhibit 32-Decl J. Gray, # [35](#) Exhibit 33-Decl K. Wright-Gary, # [36](#) Exhibit 34-Decl T. Garza, # [37](#) Exhibit 35-Decl S. Rocha, # [38](#) Exhibit 36-Decl J. Handy, Jr., # [39](#) Exhibit 37-Decl C. Games, # [40](#) Exhibit 38-Decl K. Bradford, # [41](#) Exhibit 39-Transcript of L. Tolbert, # [42](#) Exhibit 40-Decl of E. Henry, # [43](#) Exhibit 41-Part 1 (1-11) Job Postings, # [44](#) Exhibit 41-Part 2 (12-23) Job Postings, # [45](#) Exhibit 42-Rosas v. Dark Star, # [46](#) Exhibit 43-Falcon v. Starbucks, # [47](#) Exhibit 44-Hart v. JPMorgan Chase, # [48](#) Exhibit 45-Edwards v. KB Home, # [49](#) Exhibit 46-Proposed Notice and Consent)(Alexander, William) (Entered: 05/18/2018) |
| 05/18/2018 | | Minute Entry for proceedings held before Judge Keith P Ellison. MISCELLANEOUS HEARING held on 5/18/2018. Defendant may not depose additional witnesses until after the Motion for Conditional Certification has been briefed. Appearances:Austin Anderson, Stephanie Moll.(Court Reporter: G. Dye)(Law Clerk: J. Marks), filed. (arrivera, 4) (Entered: 05/22/2018) |
| 06/04/2018 | [49](#) | CONSENT to Join a Collective/Class Action for Latanya Washington by Shannon Rivenbark, filed. (Attachments: # [1](#) Exhibit Consent)(Alexander, William) (Entered: 06/04/2018) |
| 06/07/2018 | [50](#) | MOTION for Samuel S. Shaulson to Appear Pro Hac Vice by JPMORGAN CHASE & CO., filed. Motion Docket Date 6/28/2018. (Wallace, Thomas) (Entered: 06/07/2018) |
| 06/08/2018 | [51](#) | Unopposed MOTION for Ronald Manthey to Withdraw as Attorney( Motion Docket Date 6/29/2018.), Unopposed MOTION to Substitute Attorney Stefanie R. Moll in place of Ronald Manthey by JPMORGAN CHASE & CO., filed. (Attachments: # [1](#) Proposed Order)(Moll, Stefanie) (Entered: 06/08/2018) |
| 06/08/2018 | [52](#) | ORDER granting [51](#) Unopposed MOTION for Ronald Manthey to Withdraw as Attorney and Unopposed MOTION to Substitute Attorney Stefanie R. Moll in place of Ronald Manthey for JPMORGAN CHASE & CO....*** Attorney Ronald E Manthey terminated. (Signed by Judge Keith P Ellison) Parties notified.(sanderson, 4) (Entered: 06/08/2018) |
| 06/08/2018 | [53](#) | RESPONSE in Opposition to [48](#) Opposed MOTION to Certify Class, filed by JPMORGAN CHASE & CO.. (Moll, Stefanie) (Entered: 06/08/2018) |
| 06/08/2018 | [54](#) | APPENDIX re: [53](#) Response in Opposition to Motion by JPMORGAN CHASE & CO., |

| | | |
|---|---|---|
| | | filed. (Attachments: # [1] Exhibit 1, # [2] Exhibit 2, # [3] Exhibit 3, # [4] Exhibit 4, # [5] Exhibit 5, # [6] Exhibit 6, # [7] Exhibit 7, # [8] Exhibit 8, # [9] Exhibit 9, # [10] Exhibit 10, # [11] Exhibit 11, # [12] Exhibit 12, # [13] Exhibit 13, # [14] Exhibit 14, # [15] Exhibit 15, # [16] Exhibit 16, # [17] Exhibit 17, # [18] Exhibit 18, # [19] Exhibit 19, # [20] Exhibit 20, # [21] Exhibit 21, # [22] Exhibit 22, # [23] Exhibit 23, # [24] Exhibit 24, # [25] Exhibit 25, # [26] Exhibit 26, # [27] Exhibit 27, # [28] Exhibit 28, # [29] Exhibit 29, # [30] Exhibit 30, # [31] Exhibit 31, # [32] Exhibit 32, # [33] Exhibit 33, # [34] Exhibit 34, # [35] Exhibit 35, # [36] Exhibit 36, # [37] Exhibit 37, # [38] Exhibit 38, # [39] Exhibit 39, # [40] Exhibit 40, # [41] Exhibit 41, # [42] Exhibit 42, # [43] Exhibit 43, # [44] Exhibit 44, # [45] Exhibit 45, # [46] Exhibit 46)(Moll, Stefanie) (Entered: 06/09/2018) |
| 06/09/2018 | [55] | Unopposed MOTION for Leave to File Excess Pages by JPMORGAN CHASE & CO., filed. Motion Docket Date 7/2/2018. (Attachments: # [1] Proposed Order)(Moll, Stefanie) (Entered: 06/09/2018) |
| 06/09/2018 | [56] | PROPOSED ORDER re: [53] Response in Opposition to Motion, filed.(Moll, Stefanie) (Entered: 06/09/2018) |
| 06/11/2018 | [57] | ORDER Granting [55] Motion for Leave to File Excess Pages.(Signed by Judge Keith P Ellison) Parties notified.(jguajardo, 4) (Entered: 06/11/2018) |
| 06/15/2018 | [58] | Unopposed MOTION for Leave to File Reply that Exceeds Page Limits by Shannon Rivenbark, filed. Motion Docket Date 7/6/2018. (Attachments: # [1] Proposed Order) (Alexander, William) (Entered: 06/15/2018) |
| 06/15/2018 | [59] | REPLY in Support of [48] Opposed MOTION to Certify Class, filed by Shannon Rivenbark. (Attachments: # [1] Exhibit IC Transcript, # [2] Exhibit Amended Notice and Consent)(Alexander, William) (Entered: 06/15/2018) |
| 06/18/2018 | [60] | ORDER granting [58] Motion for Exceed Page Limits.(Signed by Judge Keith P Ellison) Parties notified.(arrivera, 4) (Entered: 06/18/2018) |
| 06/18/2018 | [62] | ORDER granting [50] Motion for Samuel S. Shaulson to Appear Pro Hac Vice.(Signed by Judge Keith P Ellison) Parties notified.(jdav, 4) (Entered: 06/20/2018) |
| 06/20/2018 | [61] | Opposed MOTION for Leave to File Surreply to Plaintiffs Reply in Support of Conditional Certification and Notice to Putative Class Members by JPMORGAN CHASE & CO., filed. Motion Docket Date 7/11/2018. (Attachments: # [1] Exhibit A, # [2] Proposed Order)(Moll, Stefanie) (Entered: 06/20/2018) |
| 06/20/2018 | [63] | RESPONSE to [61] Opposed MOTION for Leave to File Surreply to Plaintiffs Reply in Support of Conditional Certification and Notice to Putative Class Members filed by Kaylah Casuccio, Shannon Rivenbark. (Alexander, William) (Entered: 06/20/2018) |
| 06/20/2018 | [64] | ORDER granting [61] Motion for Leave to File Surreply to Plaintiffs' Reply in Support of Conditional Certification and Notice to Putative Class Members.(Signed by Judge Keith P Ellison) Parties notified.(rguerrero, 4) (Entered: 06/20/2018) |
| 06/28/2018 | [65] | SURREPLY to [48] Opposed MOTION to Certify Class, filed by JPMORGAN CHASE & CO.. (Moll, Stefanie) (Entered: 06/28/2018) |
| 07/06/2018 | [66] | NOTICE *of Intent Not to File Surresponse to Defendant's Surreply* by Shannon |

| | | Rivenbark, filed. (Alexander, William) (Entered: 07/06/2018) |
|---|---|---|
| 07/12/2018 | 67 | CONSENT to Join a Collective/Class Action for Rachel Contreras, Franshaun Jones by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent, # 2 Exhibit Consent) (Alexander, William) (Entered: 07/12/2018) |
| 07/13/2018 | 68 | CONSENT to Join a Collective/Class Action for Briana Davis by Shannon Rivenbark, filed. (Attachments: # 1 Exhibit Consent)(Alexander, William) (Entered: 07/13/2018) |
| 10/10/2018 | 69 | NOTICE of Setting as to 48 Opposed MOTION to Certify Class. Parties notified. Class Certification Hearing set for 11/8/2018 at 10:30 AM in Courtroom 3A Houston before Judge Keith P Ellison, filed. (arrivera, 4) (Entered: 10/10/2018) |
| 10/12/2018 | 70 | NOTICE of Setting. Parties notified. Telephone Status Conference set for 10/15/2018 at 02:30 PM Courtroom 3A Houston before Judge Keith P Ellison, filed. (arrivera, 4) (Entered: 10/12/2018) |
| 10/15/2018 | | Minute Entry for proceedings held before Judge Keith P Ellison. Telephone Status Conference held on 10/15/2018. The Court will hold a hearing on the motion for conditional class certification on November 20, 2018 at 2:00 PM in Courtroom 3A before Judge Keith P Ellison. Appearances: William Clifton Alexander, Carrie Anne Gonell.(Court Reporter: Bruce Slavin), filed.(arrivera, 4) (Entered: 10/15/2018) |
| 11/20/2018 | | Minute Entry for proceedings held before Judge Keith P Ellison. CLASS CERTIFICATION HEARING held on 11/20/2018. Argument heard on Plaintiffs motion for conditional certification and authorization of notice to putative class members (Doc. No. 48 ). The Court takes the matter under advisement. Appearances:Austin Anderson, Carter Hastings, Lauren Braddy, Iam Wright. William Clifton Alexander, Carrie Anne Gonell.(Court Reporter: F. Warner)(Law Clerk: L. Scaduto), filed.(arrivera, 4) Modified on 12/11/2018 (arrivera, 4). (Entered: 11/20/2018) |
| 12/10/2018 | 71 | MEMORANDUM AND ORDER granting 48 MOTION for conditional certification. (Signed by Judge Keith P Ellison) Parties notified.(arrivera, 4) (Entered: 12/10/2018) |
| 12/11/2018 | 72 | AO 435 TRANSCRIPT REQUEST by Defendant/Stefanie Moll for Transcript of Class Certification Hearing on 11/20/2018 before Judge Ellison. Daily (24 hours) turnaround requested. Court Reporter/Transcriber: Fred Warner, filed. (Moll, Stefanie) (Entered: 12/11/2018) |
| 12/12/2018 | 73 | CONSENT to Join a Collective/Class Action for Ceyanda Harris by Ceyanda Harris, filed. (Attachments: # 1 Exhibit Consent)(Alexander, William) (Entered: 12/12/2018) |
| 12/14/2018 | 74 | EMERGENCY MOTION, MOTION to Stay , MOTION for Interlocutory Appeal as to 71 Memorandum and Order ( Motion Docket Date 1/4/2019.) by JPMORGAN CHASE & CO., filed. (Attachments: # 1 Proposed Order, # 2 Proposed Order)(Moll, Stefanie) (Additional attachment(s) added on 12/14/2018: # 3 Exhibit A) (arrivera, 4). (Entered: 12/14/2018) |
| 12/17/2018 | 75 | NOTICE of Setting as to 74 EMERGENCY MOTION MOTION to Stay MOTION for Interlocutory Appeal as to 71 Memorandum and Order. Parties notified. Motion Hearing set for 12/20/2018 at 02:30 PM in Courtroom 3A Houston before Judge Keith P Ellison, |

| | | filed. (arrivera, 4) (Entered: 12/17/2018) |
|---|---|---|
| 12/19/2018 | 76 | TRANSCRIPT re: Class Certification Hearing held on November 20, 2018 before Judge Keith P Ellison. Court Reporter/Transcriber FWarner. Ordering Party SMoll Release of Transcript Restriction set for 3/19/2019., filed. (fwarner, ) (Entered: 12/19/2018) |
| 12/20/2018 | 77 | Notice of Filing of Official Transcript as to 76 Transcript. Party notified, filed. (dhansen, 4) (Entered: 12/20/2018) |
| 12/20/2018 | 78 | RESPONSE in Opposition to 74 EMERGENCY MOTION MOTION to Stay MOTION for Interlocutory Appeal as to 71 Memorandum and Order, filed by Shannon Rivenbark. (Alexander, William) (Entered: 12/20/2018) |
| 12/20/2018 | 79 | NOTICE of Appearance by William R. Peterson on behalf of JPMORGAN CHASE & CO., filed. (Peterson, William) (Entered: 12/20/2018) |
| 12/20/2018 | | Minute Entry for proceedings held before Judge Keith P Ellison. MOTION HEARING held on 12/20/2018. Argument heard on Defendant's emergency motion for stay and motion to certify interlocutory appeal. (Doc. No. 74 ) For the reasons stated on the record, the Court DENIES the motion to certify and DENIES the motion for stay. Appearances:William Peterson, Austin Anderson, Clif Gordon, Lauren E. Braddy. William Clifton Alexander, Stefanie R Moll.(Court Reporter: K. Metzger)(Law Clerk: L. Scaduto), filed.(arrivera, 4) (Entered: 12/21/2018) |
| 12/21/2018 | 80 | AO 435 TRANSCRIPT REQUEST by Plaintiff/Clif Alexander for Transcript of 12/20/18 Motion Hearing Judge Keith P. Ellison. 3-Day turnaround requested. Court Reporter/Transcriber: Fred Warner, filed. (Alexander, William) (Entered: 12/21/2018) |
| 12/27/2018 | 81 | TRANSCRIPT re: Motion Hearing held on 12/20/2018 before Judge Keith P Ellison. Court Reporter/Transcriber K. Metzger. Ordering Party Clif Alexander Release of Transcript Restriction set for 3/27/2019, filed. (kmetzger) (Entered: 12/27/2018) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/27/2018 14:32:21 | | |
| **PACER Login:** | A2Xlaw4872:3895333:0 | **Client Code:** chase |
| **Description:** | Docket Report | **Search Criteria:** 4:17-cv-03786 |
| **Billable Pages:** | 8 | **Cost:** 0.80 |

### PROOF OF SERVICE

I hereby certify that on December 27, 2018, I electronically transmitted the Exhibits in Support of Response to Petition for Writ of Mandamus. I further certify that the following counsel of record for Real Parties in Interest are being served with a copy of the Exhibits by USPS First Class Mail and electronic means as indicated below:

*Via USPS First Class Mail and Email*

William R. Peterson
William.peterson@morganlewis.com
Stefanie R. Moll
Stefanie.moll@morganlewis.com
T. Cullen Wallace
Cullen.wallace@morganlewis.com
Morgan, Lewis & Bockius, LLP
1000 Louisiana St., Suite 4000
Houston, Texas 77002

Samuel S. Shaulson
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
Sam.shaulson@morganlewis.com

I further certify that the Exhibits in Support of Response to Petition for Writ of Mandamus are being electronically sent and served via USPS First Class Mail to the courtroom deputy to:

The Honorable Keith P. Ellison
U.S. District Court Southern District of Texas (Houston)
Bob Casey United States Courthouse
515 Rusk Avenue
Houston, TX 77002

*/s/ Clif Alexander*
Clif Alexander